420    APPELLATE COURTS OF ILLINOIS.

Dallas v. East St. Louis & Suburban Ry. Co., 188 Ill. App. 420.

witnesses testify directly opposite to each other the jury are not bound to consider the weight of the evidence as evenly balanced. The jury have the right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness and from all the other surrounding circumstances appearing on the trial which witness or witnesses are most worthy of credit and give credit accordingly," *held* subject to the criticism that omits the expression "all the evidence in the case'," but the giving of the instruction *held* not reversible error in view of the other instructions given, and it could not be said that the jury were misled thereby or that a different result would have been reached had the instruction been strictly accurate.

9. BASTARDS, § 38*—*sufficiency of judgment.* A judgment rendered against the defendant for the support and maintenance of a bastard child, *held* not objectionable as attempting to bind the sureties to pay whatever judgment might be rendered against defendant, where the judgment was rendered against the defendant only.

## Iva Dallas, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Iva Dallas against East St. Louis &. Suburban Railway Company to recover for personal injuries received by plaintiff by falling off one of defendant's cars at a street intersection. The declaration alleged that plaintiff was a passenger on one of defendant's cars, that she went to the rear platform of the car with the intention of alighting at a certain street intersection and that while she was waiting for the car to come to a stop the car was suddenly started forward with a jerk causing her to fall off the car. The plea of the general issue was filed. Upon the trial

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff obtained judgment for three thousand dollars. To reverse the judgment, defendant appeals.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

CARRIERS, § 476*—*when evidence insufficient to sustain recovery for injury resulting from sudden jerk of car.* In an action against a street railroad company to recover for personal injuries received by plaintiff by falling off one of defendant's cars at a street intersection, where it was alleged that the plaintiff was standing on the rear platform waiting for the car to stop to enable her to alight and that the defendant negligently started its car forward with a jerk so that she fell off the car, *held* that a verdict for plaintiff was not sustained by the evidence, it not appearing from the evidence other than the testimony of plaintiff that the car was started with a jerk, and her testimony was contradicted by the testimony of the conductor, motorman and several passengers on the car, and several witnesses testified that the plaintiff did not stop on the rear platform but walked right off the car while it was in motion.

---

### W. C. Burk, Appellant, v. Matt Faber, Appellee.

1. CHATTEL MORTGAGES, § 203*—*when allowing property to remain in possession of mortgagor after maturity is fraudulent.* Where a chattel mortgagee fails to take possession of the mortgaged chattels within a reasonable time after the maturity of the mortgage and allows them to remain in the possession of the mortgagor, such is a fraud as to creditors and purchasers and cannot be explained.

2. CHATTEL MORTGAGES, § 203*—*when mortgagee's delay in taking possession unreasonable.* Where a chattel mortgagee did not attempt to take possession of the mortgaged property until the sec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.